[Civ. No. 1816.   Second Appellate District.—May 18, 1917.]

WING CHUNG LONG COMPANY (a Partnership), Respondent, v. PRUSSIAN NATIONAL INSURANCE COMPANY (a Corporation), Appellant.

Fire Insurance—Cancellation of Policy—Misstatement of Grounds. Where a policy of fire insurance gives the insured and the insurer a mutual right of cancellation without limitation to conditions or contingencies, it is not necessary that the insurer in giving notice of cancellation should state the ground upon which the cancellation was based, and a statement in such a notice that the policy was canceled for nonpayment of premium, when in fact the premium had been paid, does not affect the validity of the cancellation.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

John R. Layng, for Appellant.

G. C. De Garmo, for Respondent.

JAMES, J.—The judgment in this case was for the plaintiff; the appeal from the judgment is presented on a judgment-roll and a bill of exceptions.

The action was to recover upon a fire insurance policy. Plaintiff, in December, 1912, secured through one Youtz, a broker, insurance from the defendant corporation as evi-

denced by its policy of that date. This policy was in form that known as "California Standard," as prescribed in an act of the legislature of 1909. (Stats. 1909, p. 404.) The policy, corresponding to the terms of the statute, contained this clause as to conditions under which cancellation thereof might be made by either party:

"This policy shall be canceled at any time at the request of the insured, in which case the company shall, upon surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be canceled at any time, without tender of unearned portion of premium, by the company by giving five (5) days' written notice of cancellation to the insured and to any mortgagee or other party to whom, with the written consent of the company, this policy is made payable, in which case the company shall, upon surrender of the policy or relinquishment of liability thereunder, refund the excess of paid premium above the *pro rata* premium for the expired time."

On March 25, 1913, the defendant company transmitted to the insured the following letter:

"March 25th, 1913.

"Wing Chung Long Company,
  "307½ Marchessault Street,
    "Los Angeles, Cal.

"Gentlemen: In accordance with the insurance laws of the state of California as set forth in the printed conditions of the California Standard Form Fire Insurance Policy, by lines numbered 95, 96, 97, 98, 99, 100, 101 and 102 stipulations and conditions specially referred to, I, the undersigned, acting under the authority conferred on me as general agent of the Prussian National Underwriters, in the state of California, do hereby give you notice of the cancellation of the Prussian National Underwriters policy No. 912575, issued to secure against loss by fire in the amount of $700 to your stock and fixtures at #307½ Marchessault street, state of California. This notice operative immediately.

"Kindly return the policy to this office by early mail. The earned premium under the policy is 4.95, which please remit

"Yours very truly,

"JOHN A. PRINSEN,

"General Agent."

The plaintiff alleged that in January, 1913, the defendant attempted to cancel the policy by serving a notice that the policy would be canceled for nonpayment of premium unless within five days the plaintiff paid such premium, and that as the plaintiff had made payment of the premium, it was led to believe "that if said premium was in fact paid said policy would not be canceled, and this plaintiff knowing that said premium had been paid did not deliver said policy to said company, and did not make demand upon said company for the return of any unearned premium thereon. That said plaintiff was entirely misled and deceived by said notice sent to said plaintiff, as aforesaid." On September 1, 1913, the merchandise described in the policy of insurance was destroyed by fire and proof of loss was made by the plaintiff; whereupon the defendant company made reply by letter as follows:

"Gentlemen:

"Proof of loss under policy number and agency as above noted, was duly received and after referring to our files find that said policy was duly canceled for nonpayment of premium; and holding as we do your acknowledgment of said notice therefor in due form we return herewith said papers (proof of loss and schedule), declaring that we cannot accept of same or admit liability thereunder."

This letter was signed by the same general agent of the defendant whose signature was attached to the letter of March 25, 1913. It was stipulated at the trial that upon receipt of the letter of March 25th, plaintiff took the same to Youtz, the broker, and that Youtz advised the plaintiff to pay no attention to the same, and that the plaintiff did not tender a surrender of its policy or demand the unearned premium from the defendant. There was no testimony showing what effect this advice of Youtz (conceding it to be material) had upon the plaintiff, and there was no testimony showing whether plaintiff secured other insurance upon its property. It was stipulated that the premium had in fact been paid to Youtz at the time the policy was issued, and that for the purpose of collecting the same Youtz was the agent of the defendant. The single question presented seems to be as to whether, assuming that the company based its notice of cancellation upon the ground that the premium had not been paid, when

in fact payment thereof had been made, the cancellation became of effect. As to whether the notice of cancellation clearly showed that the company elected to rescind because of alleged nonpayment of premium need not be determined; it may be assumed that such was the understanding which should be gathered from the notices received by the plaintiff. Counsel for respondent argues that having elected to cancel the policy upon a ground which was not available to it, for the reason that the facts were wanting to sustain it, the company is estopped to insist upon the cancellation. It will be noticed that as between the insured and insurer there is a mutual right of cancellation given under the policy, the form of which is prescribed by the statute hereinbefore referred to. The insured has the right to elect arbitrarily to cancel the policy, and the insurer has the same arbitrary right to cause cancellation to be made, with the condition that the notice of cancellation shall not become effective for five days. This latter provision undoubtedly is for the purpose of allowing the insured to obtain other insurance if he so desires. If the right of the insurer to cancel its policy was limited to certain conditions or contingencies, then where notice of cancellation referred to one of those grounds, such as nonpayment of premium, such notice would be ineffectual where the insured could show that the premium in fact had been paid, even though, had some other of the permitted grounds been assumed by the insurer, the notice of cancellation would have been effective. In such a case the argument of respondent without doubt would be incontrovertible. Here the notice given to the insured definitely informed the latter that cancellation was made of the policy. The insurer was not under necessity to state the grounds upon which such cancellation was based, and a misstatement of the grounds which might have influenced it to take the action would not, in our opinion, have the effect of nullifying the notice of cancellation. The trial court made a finding that the notice of cancellation was misleading. The notice was not misleading in that there was any ambiguity or uncertainty as to the advice given by it to the insured that the policy was canceled, and the finding referred to, to our mind, fails to find support in the evidence. Our conclusion is that, on the record as it is presented to us, the judgment for the plaintiff cannot be sustained.

Other questions argued by appellant we think it unnecessary to discuss, in view of the conclusion expressed upon the main proposition involved in the case.

The judgment is reversed.

Conrey, P. J., and Works, J., *pro tem.*, concurred.